IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SUSIE ANNIE BALFOUR A/K/A
SUSAN ANN BALFOUR                                                                                    PLAINTIFF

VS.                                              CIVIL ACTION NO. 3:24-CV-00093-KHJ-MTP

JACKSON HMA, LLC D/B/A MERIT HEALTH
CENTRAL, VITALCORE HEALTH STRATEGIES,
LLC, WEXFORD HEALTH SOURCES, INC.;
CENTURION OF MISSISSIPPI, LLC, GLORIA
MANGUM PERRY, M.D., MOHMED EL ZEIN
AHMED, M.D., JOSEPH ARTHUR OLIVER, M.D.,
ERIC LANE RUSHING, M.D., DEREK SCOTT
DYESS, M.D., YVONNE BARTON, KATRICE
FUNCHESS, LINDA NOLAN, IRISH HARRIS,
JOHN DOES 1-10 (OWNERS/OPERATORS),
JOHN DOES 11-50 (NURSES), JOHN DOES 51-100
(DIRECT CARE WORKERS), JOHN DOES 101-110
(PHYSICIANS), JOHN DOES 111-125 (OTHER
INDIVIDUALS AND/OR OTHER ENTITIES CAUSING
OR CONTRIBUTING TO CAUSING INJURIES)                                       DEFENDANTS

---

**MOTION FOR SUMMARY JUDGMENT
BY DEFENDANT ERIC LANE RUSHING, M.D.**

---

COMES NOW defendant Eric Lane Rushing, M.D., by and through his attorneys of record, and files this Motion for Summary Judgment requesting this Court grant judgment in his favor as there are no genuine issues of material fact regarding the dates on which he is alleged to have been negligent such that the plaintiff's claims against Dr. Rushing are time-barred. Dr. Rushing is therefore entitled to judgment as a matter of law. In support thereof, the defendant Dr. Rushing would show this Honorable Court the following:

1.       Plaintiff alleges that the various defendants failed to timely and accurately diagnose breast cancer. See Amended Complaint, Dkt. #45. Dr. Rushing denies any allegations of negligence

as to him and would show that plaintiff's claims against him are time-barred by the statute of limitations/statute of repose found at *Miss. Code Ann.* § 15-1-36.

2.     As plaintiff has asserted in her Amended Complaint, Dr. Rushing interpreted Ms. Balfour's mammograms on two separate occasions. The first interpretation was on January 2, 2013. See Amended Complaint ¶ 43, Dkt. #45. The second interpretation was on February 3, 2016. See Amended Complaint ¶ 45, Dkt. #45. Although plaintiff has made allegations against other radiologists regarding their interpretations on different dates, there are no other allegations regarding interpretations by Dr. Rushing other than the two dates represented above.

3.     The original Complaint naming Dr. Rushing was filed on February 14, 2024. See Complaint, Dkt. #1. Although *Miss. Code Ann.* § 15-1-36, requires a medical malpractice claim to be filed within two years of the time the alleged malpractice could have reasonably been discovered, it further states that a claim cannot be brought more than 7 years after the alleged malpractice occurred. *Miss. Code Ann.* § 15-1-36(2). Suit was filed more than 7 years after Dr. Rushing last provided care by way of a mammogram interpretation.[1]

4.     Dr. Rushing denies any allegations of negligence. However, that issue is irrelevant insofar as this motion is concerned. Any claim against him by the plaintiff is time-barred as a matter of law. Summary judgment must be granted, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *F.R.C.P.* 56.

5.     The alleged negligent interpretation claims Ms. Balfour asserts against Dr. Rushing both occurred more than 7 years and 60 days (giving the notice extension) prior to suit being filed.

---

[1] Even assuming the plaintiff sent a notice of intent as required by Mississippi law, such notice only extends the time with which to file suit 60 days. *See Miss. Code Ann.* § 15-1-36(15). Suit was not filed until more than 7 years and 60 days after Dr. Rushing last interpreted one of Ms. Balfour's mammograms.

Therefore, Ms. Balfour's claims against Dr. Rushing are time-barred by *Miss. Code Ann.* § 15-1-36.

6. Further, Dr. Rushing requests that this Court grant a Rule 54(b) judgment in that "there is no just reason for delay." *F.R.C.P.* 54(b). There is no reason to keep Dr. Rushing involved with all of the other defendants in this case considering any involvement he had in Ms. Balfour's care was well over 7 years ago.

7. In support of this motion, Dr. Rushing would refer to the plaintiff's own allegations in her Complaint (Dkt. #1) and Amended Complaint (Dkt. #45)

WHEREFORE, ABOVE PREMISES CONSIDERED, defendant Eric Lane Rushing, M.D. requests that this Court enter an order granting summary judgment in his favor and dismissing the claims against him, together with a final judgment pursuant to *F.R.C.P.* 54(b).

Respectfully submitted,

**ERIC LANE RUSHING, M.D.**

BY: */s/ Whitman B. Johnson III*
WHITMAN B. JOHNSON III (MSB #3158)
SHANETRIC S. TOWNSEND (MSB #106558)

OF COUNSEL:

CURRIE JOHNSON & MYERS, P.A.
1044 RIVER OAKS DR., FLOWOOD, MS 39232
TELEPHONE: 601-969-1010
FACSIMILE:   601-969-5120
wjohnson@curriejohnson.com
stownsend@curriejohnson.com

## **CERTIFICATE OF SERVICE**

      I, Whitman B. Johnson III, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the MEC system which sent notification of such filing to all counsel of record.

      This the 28th day of June, 2024.

                                                 */s/ Whitman B. Johnson III*
                                                 WHITMAN B. JOHNSON III