IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SUSIE ANNIE BALFOUR**                                                                                   **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 3:24-cv-93-KHJ-MTP**

**JACKSON HMA, LLC, ET AL.**                                                                 **DEFENDANTS**

**ORDER**

THIS MATTER is before the Court on Plaintiff's Motion for Relief from Discovery Stay [117]. Having considered the parties' submissions, the record, and the applicable law, the Court finds the Motion [117] should be granted in part and denied in part.

Plaintiff Susie Annie Balfour filed this action on February 14, 2024, asserting that she was incarcerated at the Central Mississippi Correctional Facility for 33 years before her release in December of 2021. *See* Amended Complaint [45] at 8. Plaintiff alleges that while incarcerated she was required to clean the prison with chemicals known to cause cancer without any protective equipment. *Id*. She now has terminal, Stage IV breast cancer. *Id*.

Plaintiff also alleges that Defendants "failed to recognize or outright ignored the presence of suspicious masses in [her] breasts, failed to inform her of the presence of those suspicious masses, and/or failed to conduct, order, or refer her for additional diagnostic examinations and/or procedures to confirm or deny the presence of breast cancer." *Id*. at 8-9. These failures, says Plaintiff, allowed years to pass without treatment. *Id*.

On July 11, 2024, the Court entered a Case Management Order [91] allowing the parties to conduct discovery through March 3, 2025. On October 16, 2024, however, Defendant Dr. Gloria Perry filed a Motion for Summary Judgment [109], along with a Motion for Stay of Discovery [111]. Dr. Perry asserted various immunity defenses in her Motion for Summary

1

Judgment [109], and therefore, the Court granted the Motion for Stay of Discovery [111] in accordance with Local Rule 16(b)(3)(B).[1] *See* Order [114].  Thus, all discovery and disclosure requirements are stayed pending a ruling on the Motion for Summary Judgment [109].

On November 11, 2024, Plaintiff filed a Response [115] to the Motion for Summary Judgment [109] arguing that, pursuant to Fed. R. Civ. P. 56(d), the Motion [109] should be denied or, alternatively, the ruling should be deferred until discovery is completed.  Plaintiff argues that she needs discovery relating to the issue of whether Dr. Perry is entitled to qualified immunity.

On November 11, 2024, Plaintiff also filed a Motion for Relief from Discovery Stay [117] requesting that the Court allow her to proceed with discovery as to all the other Defendants.  Dr. Perry filed a Response [121] opposing the Motion [117],[2] and on December 9, 2024, Plaintiff filed a Reply [130].

In her Reply [130], Plaintiff again asks that she be allowed to proceed with discovery as to all Defendants, save Dr. Perry.  Plaintiff, however, adds an alternative request, that she be granted leave to conduct a deposition to preserve her own testimony.

As Plaintiff first raised the issue of a preservation deposition in her Reply [130], the Court provided Defendants an opportunity to respond. *See* Order [131].   On December 18, 2024,

---

[1] Local Rule 16(b)(3)(B) provides as follows:

> Filing a motion to compel arbitration, or a motion asserting an immunity defense or jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal. Whether to permit discovery on issues related to the motion and whether to permit any portion of the case to proceed pending resolution of the motion are decisions committed to the discretion of the court, upon a motion by any party seeking relief.

[2] Defendants Dr. Derek Dyess, Dr. Joseph Oliver, Centurion of Mississippi, LLC, and VitalCore Health Strategies, LLC joined Dr. Perry's Response [121]. *See* Joinders [125] [126] [127] [128].

Defendant Centurion of Mississippi, LLC filed a Response [134] opposing Plaintiff's request for leave to conduct a preservation deposition.[3]

The Court will address in turn Plaintiff's request for leave to conduct discovery and her alternative request for leave to conduct a preservation deposition.

As mentioned, Plaintiff asks in the instant Motion [117] that she be allowed to conduct discovery as to all Defendants, save Dr. Perry, who raised the defense of qualified immunity in her Motion for Summary Judgment [109].

Dr. Perry argues that pursuant to *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022), no discovery should occur as she is entitled to protection from the burden of discovery, including discovery not directed to her, until Plaintiff overcomes her qualified immunity defense. *See* [121].

Plaintiff argues that *Carswell* is not applicable here because that "decision is limited to situations in which qualified immunity is asserted in a motion to dismiss at the inception of the case." *See* [130] at 4. Indeed, *Carswell* concerned a motion to dismiss, and the Fifth Circuit held that a plaintiff "must survive the motion to dismiss without *any* discovery." *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022).

*Carswell*, however, also provides instructions concerning motions for summary judgment. *Carswell* directs defendants to two choices after a motion to dismiss based on qualified immunity is denied: "First, the defendant can immediately appeal the district court's denial under the collateral order doctrine. Or second— à la *Lion Boulos* and its progeny—the

---

[3] Defendants Dr. Derek Dyess, Dr. Joseph Oliver, Dr. Mohmed El Zein Ahmed, and Jackson HMA, LLC, and joined Centurion's Response [134]. *See* Joinders [135] [136] [137] [138].

3

defendant can move the district court for discovery limited to the factual disputes relevant to whether QI applies, then reassert QI in a summary judgment motion." *Id*. at 312.

Given this instruction and considering the procedural posture in this case, the Court is not convinced that *Carswell* is inapplicable. Here, Dr. Perry has foregone filing a motion to dismiss based on qualified immunity and instead has filed a Motion for Summary Judgment [109]. And, Plaintiff—in her Response [115]—is seeking limited discovery à la *Lion Boulos* and its progeny.[4] Dr. Perry is now in a position similar to the defendant described in *Carswell* who reasserts the immunity defense in a motion for summary judge after losing a motion to dismiss. *See Erwin v. Murray*, 2023 WL 7112830, at *3 (E.D. La. Oct. 27, 2023). Moreover, since Plaintiff filed her Motion for Relief from Discovery Stay [117], Defendants Yvonne Barton, Katrice Funchess, Irish Harris, and Linda Nolan have filed a Motion to Dismiss [122] based in part on qualified immunity.

Under these circumstances, the Court finds that discovery should remain stayed pending rulings on the Motion for Summary Judgment [109] and Motion to Dismiss [122] or further order from the Court.

The Court turns now to Plaintiff's request for leave to conduct a preservation deposition. Plaintiff asserts that her terminal medical condition justifies allowing her deposition to preserve her testimony for trial.

"The concept of perpetuation of testimony has ancient roots deeply grounded in equity." *19th Street Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 347 (E.D. Pa. 2000). Although this issue does not technically fall under Fed. R. Civ P. 27—as that Rule governs

---

[4] The issue of whether to allow limited discovery relating to Dr. Perry's qualified immunity defense will be addressed by the District Judge in her review of the Motion for Summary Judgment [109], and this Order makes no ruling on that issue.

preservation of testimony before a suit is filed and while an appeal is pending—the considerations applicable to Rule 27 nevertheless provide helpful guidance here.

To justify a deposition to perpetuate testimony under Rule 27, a plaintiff must explain what the testimony would demonstrate and must show a substantial chance that the testimony may be lost. *Hardin-Warfield v. Mosby*, 2006 WL 1366727, at *2-3 (S.D. Miss. May 18, 2006) (citing *In re Matter of Allegretti*, 229 F.R.D. 93, 96 (S.D.N.Y. 2005) and *Lucas v. Riddle*, 2004 WL 1084719, at *1 (D.Conn. May 11, 2004)). Courts allow such depositions "[i]f satisfied that perpetuating the testimony may prevent a failure or delay of justice . . . ." Fed. R. Civ. P. 27(a)(3).

Plaintiff explains that her testimony will provide an account of the progression of her illness, the impact of Defendants' conduct, and the damages she has suffered. Plaintiff also provides medical records showing that her testimony is likely to be lost in the near future due to aggressive breast cancer.

The medical records demonstrate that Plaintiff has Stage IV breast cancer. *See* Medical Records [130] at 1. She was first diagnosed with invasive ductal carcinoma of her right breast in 2021. *Id*. Thereafter, the cancer spread to her lymph nodes and skeleton and, by 2023, had spread to her liver and spine. *Id*. at 1-2. On August 21, 2024, imaging revealed that the tumor on her liver is growing, despite treatment. *See* [130-1].

Defendants do not contest that Plaintiff's terminal cancer makes it substantially likely her testimony will be lost. Instead, Defendants argue that "all discovery must be stayed as to all parties until the issue of qualified immunity is resolved." *See* [134] at 5.

As the prior discussion shows, this Court is aware that qualified immunity is "an immunity from suit" and provides protections from the burdens of discovery. *See Carswell*, 54

F.4th 307 at 310.  The Court does not intend to erode these protections.  Plaintiff points out, however, that she does not seek to be deposed for purposes of discovery, but to preserve her testimony at trial. *See* [130] at 10.

Given the circumstance here, including Plaintiff's terminal cancer and Defendants' decision to not present the issue of qualified immunity "at the earliest possible stage of the litigation,"[5] the Court finds that equity favors granting Plaintiff leave to conduct a preservation deposition. *See Texaco, Inc. v. Borda*, 383 F.2d 607 (3d Cir. 1967) (allowing the deposition of a witness of advanced age to perpetuate his testimony in a suit that had been stayed pending the resolution of a parallel criminal prosecution); *19th Street Baptist Church*, 190 F.R.D. 346-52 (allowing the depositions of elderly plaintiffs to perpetuate their testimony prior to the court's ruling on the defendants' jurisdictional defenses); *Charles v. Wade*, 665 F.2d 661, 664 (5th Cir. 1982) (allowing the deposition of a witness to perpetuate his testimony after the close of discovery).

To help prevent "surprise" during Plaintiff's testimony and to allow all parties to adequately prepare, Plaintiff, on or before January 21, 2025, shall produce a detailed proffer setting forth her expected testimony and copies of any documents she will rely on during her testimony.  Promptly thereafter, Plaintiff's deposition shall be scheduled.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Relief from Discovery Stay [117] is GRANTED in part and DENIED in part as set forth herein.

SO ORDERED this the 7th day of January, 2025.

s/Michael T. Parker<br>UNITED STATES MAGISTRATE JUDGE

---

[5] *See Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021).  No motion based on qualified immunity was filed until more than three months into discovery.