UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SUSIE ANNIE BALFOUR A/K/A                                        PLAINTIFF
SUSAN ANN BALFOUR

V.                                          CIVIL ACTION NO. 3:24-CV-93-KHJ-MTP

JACKSON HMA, LLC, et al.                                        DEFENDANTS

ORDER

Before the Court is Defendants Yvonne Barton ("Barton"), Katrice Funchess ("Funchess"), Irish Harris ("Harris"), and Linda Nolan's ("Nolan") (collectively, the "MDOC Defendants") [122] Motion to Dismiss. The [122] Motion cannot yet be fully addressed. For now, the motion is denied without prejudice, and Plaintiff Susie Annie Balfour ("Balfour") is instructed to file a *Schultea*[1] reply to the qualified-immunity defense no later than April 1, 2025. After this date, the MDOC Defendants may renew their motion to dismiss if they wish.

I.      Background

In short, Balfour is a former inmate within the Mississippi Department of Corrections ("MDOC"). Am. Compl. [45] ¶ 23. On February 14, 2024, she filed this lawsuit alleging multiple claims against multiple defendants, Compl. [1], alleging she received deficient medical treatment for her breast cancer while incarcerated, which ultimately worsened her prognosis. [45] ¶¶ 23–58.

---

[1] *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) (en banc).

The Court incorporates the background discussed in its [107] Order, so it focuses on the MDOC Defendants' individual involvement in this case. *See* [107] at 1–2. Throughout the time encompassing this claim, the MDOC Defendants were employees of Wexford, VitalCore, and/or Centurion—all named defendants who were "responsible for providing medical treatment and care to individuals in the custody of the [MDOC]," like Balfour. [45] ¶¶ 3–5, 11–14. Barton "served as the MDOC Specialty Care Coordinator." *Id.* ¶ 11. Funchess "served as the MDOC Nurse Specialty Care Coordinator." *Id.* ¶ 12. Harris "served as the MDOC Medical Claims Officer and Medical Compliance Officer." *Id.* ¶ 14. And Nolan also "served as the MDOC Specialty Care Coordinator." *Id.* ¶ 13. In these positions, Balfour emphasizes, the MDOC Defendants were "responsible for [her] medical care." *Id.* ¶¶ 11–14.

The MDOC Defendants are not individually named in the Factual Background section of the [45] Amended Complaint. *See id.* ¶¶ 23–58. They are, however, named as parties, *see id.* ¶¶ 11–14, and they are listed under Counts III, V, and VII—Violations of the Eighth Amendment to the U.S. Constitution and 42 U.S.C. § 1983 (against Wexford, Centurion, and VitalCore). *See id.* ¶¶ 75, 86, 97. Within those Counts, Balfour claims that Wexford, Centurion, and VitalCore are "vicariously liable for the negligent acts and omissions of its . . . employees in their failure to exercise due care and caution in their diagnosis and treatment of [Balfour's] cancer." *Id.* She includes that Barton, Funchess, Nolan, and Harris,

among others, were "responsible in whole or in part for diagnosing, treating, or securing treatment for [her]." *Id.*

Now, the MDOC Defendants move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* [122].[2] They argue that "the [45] Amended Complaint fails to allege sufficient facts showing the MDOC Defendants' personal involvement with any alleged violation of [Balfour's] Eighth Amendment rights," and that "the [45] Amended Complaint does not allege or demonstrate deliberate indifference on behalf of the MDOC Defendants." *Id.* at 1; Mem. Supp'g Mot. [123] at 1. So they claim they are entitled to qualified immunity. *Id.*

Balfour responds, stating the [45] Amended Complaint "details each [of the MDOC Defendants'] role[s], responsibilities, and repeated failures, which constitute deliberate indifference under the Eighth Amendment." Mem. Supp'g Resp. [133] at 2. And if not, Balfour urges the Court to order a *Schultea* reply so she can "address [the MDOC] Defendants' qualified immunity arguments in greater detail." *Id.* at 2; *see also id.* at 14–15. The MDOC Defendants take no stance on Balfour's request for a *Schultea* reply; they do not address her mention of it, *see id.* at 14–15, in their [140] Reply.

---

[2] The MDOC Defendants' [122] Motion invokes Rule 12(b)(6). But the MDOC Defendants moved to dismiss after filing their answers, so the Court construes the [122] Motion under Rule 12(c). *See, e.g., Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam).

II.    Standard

A.  Motion to Dismiss

"The standard for Rule 12(c) motions . . . is identical to the standard for Rule

12(b)(6) motions . . . ." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019).

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint

if it fails "to state a claim upon which relief can be granted." When reviewing a

complaint under Rule 12(b)(6), the Court only considers the complaint, documents

attached to or incorporated in it, and matters subject to judicial notice. *Benfer v.*

*City of Baytown*, 120 F.4th 1272, 1278 n.2 (5th Cir. 2024). The Court accepts all

factual allegations in the complaint as true, but it is not bound to accept legal

conclusions, conclusory statements, or bare assertions without factual support.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a

complaint must include enough factual allegations to state a facially plausible claim

to relief. *Id.* A claim has facial plausibility if the Court may reasonably infer the

defendant's culpability from the facts the plaintiff alleges. *Id.* "This standard simply

calls for enough fact[s] to raise a reasonable expectation that discovery will reveal

evidence of the necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d

584, 587 (5th Cir. 2008) (cleaned up).

Balfour asserts her federal claims under Section 1983, which creates civil

remedies for certain constitutional violations. *See* 42 U.S.C. § 1983. Such claims

require "(i) deprivation of a federal right; and (ii) action under color of state law."

*Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020) (cleaned up). Qualified

immunity, however, "adds a wrinkle to [Section] 1983 pleadings when . . . relevant."
*Id.* at 266–67.

B.  Qualified Immunity

"Qualified immunity protects government officials from civil liability in their individual capacity to the extent that their conduct does not violate clearly established statutory or constitutional rights." *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016) (per curiam). It shields "all but the plainly incompetent or those who knowingly violate the law." *Thompson v. Mercer*, 762 F.3d 433, 437 (5th Cir. 2014) (cleaned up). When a defendant invokes the qualified immunity defense, "the burden is on the plaintiff to demonstrate [its] inapplicability . . . ." *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam) (cleaned up). To meet this burden, a plaintiff must show that the official "(1) violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 347 (5th Cir. 2017) (cleaned up). And to make this showing, a plaintiff must "plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm [she] has alleged and that defeat a qualified immunity defense with equal specificity." *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014) (cleaned up).

But there is not a heightened pleading standard. *See Williams*, 979 F.3d at 267. In fact, "Section 1983 claims implicating qualified immunity are subject to the

same Rule 8 pleading standard set forth in *Twombly* and *Iqbal* as all other claims."

*Id.*; *see also Iqbal*, 556 U.S. at 678.

      C. *Schultea* Reply

      Instead of requiring a plaintiff to "provide greater specificity in the complaint

in anticipation of a qualified immunity defense," *Todd v. Hawk*, 72 F.3d 443, 446

(5th Cir. 1995) (per curiam) (emphasis omitted), the Fifth Circuit held in *Schultea v.*

*Wood* that the district court should abide by a two-step procedure, allowing a

plaintiff to "engage the affirmative defense of qualified immunity when invoked." 47

F.3d at 1430.

> First, the district court must insist that a plaintiff suing a public official
> under [Section] 1983 file a short and plain statement of [her] complaint,
> a statement that rests on more than conclusions alone. Second, the court
> may, in its discretion, insist that a plaintiff file a reply tailored to an
> answer pleading the defense of qualified immunity.

*Id.* at 1433–34.

      So when a defendant asserts the qualified immunity defense, a court can, in

its discretion, order a plaintiff to submit a Rule 7 reply, "refuting the immunity

claim with factual detail and particularity." *Johnson v. Halstead*, 916 F.3d 410, 416

(5th Cir. 2019) (cleaned up); *see also Schultea*, 47 F.3d at 1432–33 (explaining the

"role for the Rule 7(a) reply"). The ordered reply must "fairly engage its allegations."

*Johnson,* 916 F.3d at 416 (quoting *Schultea*, 47 F.3d at 1433).

      Taking that approach here, this Order provides Balfour with limited

guidance regarding the reply's content. Balfour is not restricted to this guidance

alone, but the following issues should be addressed.

III.    Discussion

The MDOC Defendants expressly invoked qualified immunity, and they correctly observed Balfour's high burden.

As previously noted, Balfour must show that the MDOC Defendants' qualified immunity defense does not apply through non-conclusory factual averments sufficient to allow a plausible inference that: (1) each MDOC Defendant violated a statutory or constitutional right and (2) that right was clearly established at the time of the challenged conduct. *See Brinsdon,* 863 F.3d at 347 (cleaned up). This task requires Balfour to:

> (1) identify[] the specific federal claims (it is not, for example, enough to generally say that the [Eighth] Amendment was violated, [Balfour] must say how); (2) identify[] . . . each specific federal claim and the defendants against whom they are asserted; (3) identify[] the specific facts that support those separate claims; and (4) as to each specific federal claim, [demonstrate]—through legal authority—that the alleged conduct violated [Balfour's] rights and that those rights were clearly established at the time of the alleged violation.

*Williams v. City of Jackson*, No. 3:20-CV-785, 2022 WL 4715706, at *4 (S.D. Miss. Sept. 30, 2022) (cleaned up).

The law requires Balfour to present "settled law," showing that the rule barring the MDOC Defendants' conduct had a "sufficiently clear foundation in then-existing precedent." *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018) (cleaned up). This means the law is "dictated by controlling authority or a robust consensus of cases of persuasive authority." *Id.* (cleaned up). Overall, "[t]he precedent must be clear enough that every reasonable official would interpret it to establish the particular rule [Balfour] seeks to apply." *Id.* (cleaned up).

This analysis must be specific to the context of the case. "[U]nless existing precedent 'squarely governs' the conduct at issue, an official will be entitled to qualified immunity." *Cope v. Cogdill*, 3 F.4th 198, 204 (5th Cir. 2021) (cleaned up). "Generally, to satisfy this standard, [Balfour] must identify a case in which an officer acting under similar circumstances was held to have violated the Constitution, and explain why the case clearly proscribed the conduct of that individual officer." *Id.* at 205 (cleaned up). The violation must be "beyond debate." *Id.* (cleaned up).

And this analysis must be specific to each defendant; collective pleading is prohibited. The reply must explain what Barton, Funchess, Harris, and Nolan individually did to support the claims against them. "Because *vicarious liability is inapplicable* to . . . [Section] 1983 suits, [Balfour] . . . must plead that each Government-official defendant, through [their] own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added) (cleaned up). So Balfour is required to allege that each official "was either personally involved in the deprivation [of her Eighth Amendment rights] or that [their] wrongful actions were causally connected to it." *Stem v. Gomez*, 813 F.3d 205, 210 (5th Cir. 2016) (cleaned up).

IV.    Conclusion

This Court has considered all arguments. Those not addressed in this Order

would not have changed the outcome of this Court's decision. For the reasons stated, the MDOC Defendants' [122] Motion to Dismiss is DENIED without prejudice. The Court ORDERS Balfour to file a *Schultea* reply no later than April 1, 2025. After this date, the MDOC Defendants may renew their motion to dismiss if they wish.

SO ORDERED, this 11th of March, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE