IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SUSIE ANNIE BALFOUR A/K/A
SUSAN ANN BALFOUR                                                            PLAINTIFF

VS.                                                 CAUSE NO. 3:24-cv-00093-KHJ-MTP

JACKSON HMA, LLC D/B/A MERIT
HEALTH CENTRAL, VITALCORE
HEALTH STRATEGIES, LLC, WEXFORD
HEALTH SOURCES, INC.; CENTURION OF
MISSISSIPPI, LLC, GLORIA MANGUM
PERRY, M.D., MOHMED EL ZEIN AHMED, M.D.,
JOSEPH ARTHUR OLIVER, M.D., DEREK SCOTT
DYESS, M.D., YVONNE BARTON, KATRICE
FUNCHESS, LINDA NOLAN, IRISH HARRIS,
JOHN DOES 1-10 (OWNER/OPERATORS),
JOHN DOES 11-50 (NURSES), JOHN DOES 51-100
(DIRECTCARE WORKERS), JOHN DOES 101-110
(PHYSICIANS), JOHN DOES 111-125 (OTHER
INDIVIDUALS AND/OR OTHER ENTITIES
CAUSING OR CONTRIBUTING TO CAUSING
INJURIES)                                                                    DEFENDANTS

**DEREK SCOTT DYESS, M.D.'S MEMORANDUM BRIEF
IN SUPPORT OF HIS MOTION TO DISMISS**

COMES NOW Defendant Derek Scott Dyess, M.D. ("Dr. Dyess"), by and through counsel,

and files this Memorandum Brief in Support of his Motion to Dismiss, and would show the Court

the following:

**PROCEDURAL BACKGROUND**

On May 13, 2024, the Plaintiff, Susan Ann Balfour ("Ms. Balfour"), filed an Amended

Complaint naming numerous defendants. [ECF No. 45.] After several defendants asserted

immunity defenses, this Court stayed the case on October 25, 2024. [ECF No. 114.] The Court

later entered an Order dismissing defendant Glorian Mangum Perry, M.D., on June 3, 2025.  [ECF

No. 151.]  The Court then lifted the stay and entered its Case Management Order on June 5, 2025.

[ECF No. 153].  The Case Management Order's deadline for amending pleadings has expired.  *See id.*

The stay now lifted, and the time for amendment of claims having expired, Dr. Dyess respectfully moves the Court to dismiss the case against him pursuant to Fed. R. Civ. P. 12(b)(6) because no cause of action is stated against him.

## FACTUAL ALLEGATIONS AS TO DR. DYESS

The Amended Complaint alleges that Dr. Dyess is a radiologist and that he interpreted some of Ms. Balfour's mammograms.  *However, the Amended Complaint does not name Dr. Dyess in any count or cause of action.*  Similarly, while the Amended Complaint does assert a medical malpractice cause of action, it does not name Dr. Dyess.

The Amended Complaint is premised primarily upon a "deliberate indifference" constitutional cause of action under the Eight Amendment, but once again this cause of action is not alleged against Dr. Dyess. Nor does the Amended Complaint allege that Dr. Dyess is a state actor, which is necessary to pursue a deliberate indifference cause.  Next, the claims of intentional inflection of emotional distress and punitive damages are not pled against Dr. Dyess, or in the alternative, they are "shotgun" pleadings bootstrapping "the Defendants," and are therefore insufficient as a matter of law.   For all these reasons, most of which are independent of one another, the lawsuit against Dr. Dyess should be dismissed.

## NO COUNT OR CAUSE OF ACTION NAMES DR. DYESS

The Amended Complaint includes fourteen (14) legal counts against named defendants. *But Dr. Dyess is not named in any of them.*  For this reason alone, the Amended Complaint fails to state a claim against Dr. Dyess.  *French v. Ocwen Loan Servicing, LLC*, 2021 WL 6618850, at *3 (S.D. Miss. Feb. 4, 2021) (finding no claim against defendants when they were not referenced

in any count of the amended complaint).  The Court need not consider anything further to dismiss

Dr. Dyess.

## **THE MEDICAL MALPRACTICE COUNTS DO NOT NAME DR. DYESS**

The Amended Complaint's medical malpractice claims are asserted in Counts IX and X.

These medical malpractice causes of action are asserted against other named defendants, namely

Dr. Perry and Dr. Ahmed, *but they are not asserted against Dr. Dyess*.  Dr. Dyess should therefore

be dismissed for this independent reason.

Even if the Amended Complaint's factual assertions are considered, they still do not set

forth the prima facie elements of a medical malpractice claim against Dr. Dyess.  The elements of

a medical negligence claim are:

> (1) the existence of a duty by the defendant to conform to a specific standard of
> conduct for the protection of others against an unreasonable risk of injury; (2) a
> failure to conform to the required standard; and (3) an injury to the plaintiff
> proximately caused by the breach of such duty by the defendant.

*Hubbard v. Wansley*, 954 So. 2d 951, 956–57 (Miss. 2007).

1. There is no allegation that Dr. Dyess failed to conform to a specific standard of conduct.

At best, the Amended Complaint alleges that "Dr. Berry compared the January 2022

mammogram to [Ms. Balfour's] previous mammograms and found that the carcinomas in Ms.

Balfour's right and left breast were also present on those prior mammograms."  Ex. A, Amended

Complaint at ¶ 56.  But this does *not* state that Dr. Dyess breached a medical standard of care as it

does not even specify any kind of standard.  Rather, this fact was alleged in the context of Ms.

Balfour's Stage IV diagnosis, not any purported wrongdoing by Dr. Dyess.  *Id.* ("Based on the

mammograms, biopsies, PET scan, and lab work, Dr. Berry was of the opinion that her breast

cancer was appropriately categorized as Stage IV."); *see also Hodges v. Univ. of Mississippi Med.*

*Ctr.,* 226 So. 3d 602, 607 (Miss. Ct. App. 2017), ("[C]laims of negligence cannot be evaluated

through the lens of hindsight").  In short, this "comparison" of images "fact" does not specify a breach of a standard of care in any respect.[1] *Tanner v. Pfizer, Inc.*, 2015 WL 6133207, at *2 (S.D. Miss. Oct. 19, 2015).  Therefore, even assuming this factual allegation, Ms. Balfour did not "plead enough facts to state a claim to relief that is plausible on its face," and, thus, the Amended Complaint against Dr. Dyess should be dismissed.  *Stringer v. Frito-Lay Corp.*, 2022 WL 20755373, at *4 (S.D. Miss. Sept. 9, 2022).

2.  There is no allegation that Dr. Dyess delayed Ms. Balfour's diagnostic tests or diagnosis.[2]

The Amended Complaint also does not assert that Dr. Dyess was the "scheduler" or responsible for Ms. Balfour's attendance for regular mammograms.  Rather, the Amended Complaint asserts that other defendants, *not Dr. Dyess*, had responsibility for follow up mammograms.  *See* Amended Complaint at ¶¶ 41-42, 50-53. To the extent the Amended Complaint alleges that Ms. Balfour's damages were caused by treatment delays, those claims cannot infer or establish a cause of action against Dr. Dyess.

3.  There is no allegation that any breach of duty by Dr. Dyess reduced Ms. Balfour's chance of recovery.

The Amended Complaint alleges summarily and in shotgun fashion "[t]hat the actions of all of the Defendants in this action reduced Plaintiff's chance of recovery and/or chance to maintain

---

[1]    No "specific standard of conduct" is even alleged.  Notably, the "existing circumstances" determine the applicable standard, *see Est. of Perry ex rel. Rayburn v. Mariner Health Care, Inc.*, 927 So. 2d 762, 766 (Miss. Ct. App. 2006), and the Amended Complaint alleges that the mammograms were not conducted with the frequency recommended by the radiologist defendants through no fault of their own.

[2]    To the contrary, the Amended Complaint alleges that the delays were caused by prison officials. Notably, the Amended Complaint affirms Dr. Dyess's use of Ms. Balfour's medical records to interpret her mammogram.  Ex. A, Amended Complaint at ¶ 52 ("'[G]iven the increase in number of calcifications,' Dr. Dyess recommended 'a stereotactic biopsy to exclude malignancy' which was performed."), ¶ 54 ("Because Dr. Berry could not get Ms. Balfour's medical records from Wexford, Centurion, and VitalCore to compare with her recent bilateral mammogram, he referred Ms. Balfour for a full battery of testing….").

a certain level of health and as a direct result of Defendants' actions, Plaintiff was damaged in an amount to be proven at trial but in excess of the jurisdictional limits of the Court." Ex. A, Amended Complaint at ¶ 164. This non-specific allegation asserted against "the Defendants" does not satisfy the pleading requirements of the Federal Rules of Civil Procedure, certainly not as to Dr. Dyess against whom no count or cause of action is asserted and against whom no medical malpractice count is asserted. *Atwood v. Lyons*, 2015 WL 5785689, at *2 (S.D. Miss. Mar. 31, 2015) ("A plaintiff must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 556)). The Amended Complaint simply fails to allege facts or claims against Dr. Dyess in the context of not naming him in any count or in the two medical malpractice counts.[3] *Tanner*, 2015 WL 6133207 at *2.

## AS TO DR. DYESS, THE AMENDED COMPLAINT IS A SHOTGUN PLEADING

The essential problem with the Amended Complaint as to Dr. Dyess is that it is a shotgun pleading. The Amended Complaint "contain[s] several counts ... with each count incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts ... contain irrelevant factual allegations and legal conclusions." *Brassfield v. Wells Fargo Bank*, 2023 WL 3046801, at *4 (S.D. Miss. Apr. 21, 2023). Further, the Amended Complaint fails to identify a specific act of wrongdoing by Dr. Dyess or tie any conduct by Dr. Dyess to any of the alleged causes of action. *Id.* Shotgun pleadings "violate[] either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Id.*[4]

---

[3]     It was Dr. Dyess who diagnosed her breast cancer. Ex. A, Amended Complaint at ¶¶ 52-53.

[4]     *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief…."); Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing

For this additional and independent reason, the Amended Complaint against Dr. Dyess should be dismissed. *Id.*

## THE DELIBERATE INDIFFERENCE CAUSE IS NOT ALLEGED AS TO DR. DYESS

The Amended Complaint primarily asserts a cause of action for "deliberate indifference" to Ms. Balfour's medical needs, which she claims allowed her breast cancer to spread and progress to the point that it is untreatable and terminal. *See* Ex. A, Amended Complaint at ¶ 57. But this count is *not* asserted as to Dr. Dyess, and to the extent it is asserted against "the Defendants," it does not satisfy the pleading requirements of the Federal Rules of Civil Procedure to assert a claim against Dr. Dyess.

The "deliberate indifference" section 1983 counts are numbered I, II, IV, IV, and VIII. *These counts do not name Dr. Dyess.* Again, for that reason alone, the Section 1983 claim must be dismissed as to Dr. Dyess. *French v. Ocwen Loan Servicing, LLC*, 2021 WL 6618850, at *3 (S.D. Miss. Feb. 4, 2021) (finding no claim against defendants who were not referenced in any count of the amended complaint).

Next, even if the Court finds that the Amended Complaint does assert a deliberate indifference claim against Dr. Dyess, the Amended Complaint fails to state a deliberate indifference claim that is plausible on its face because: (1) there is no allegation that Dr. Dyess was a state actor; and (2) there is no allegation that Dr. Dyess deprived Ms. Balfour of a federal right. Deliberate indifference is an extremely high standard to meet,[5] and the Amended Complaint

---

so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.").

[5]    "Deliberate indifference is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). "[T]here is both an objective and subjective standard." *Rogers v. Boatright*, 709 F.3d 403, 410 (5th Cir. 2013). "A prison official acts with deliberate indifference 'only if [(A)] he knows that inmates face a substantial risk of serious bodily harm and [(B)] he disregards that risk by failing to take

does *not* allege that Dr. Dyess intended to harm Ms. Balfour. To the contrary, the Amended Complaint alleges that the mammograms recommended by Dr. Dyess were delayed through no fault of Dr. Dyess, and when they were ultimately performed, Dr. Dyess actually diagnosed Ms. Balfour's breast cancer. *See* Amended Complaint at ¶¶ 41-42, 50-53.

Next, causes of action for "deliberate indifference" and "medical malpractice" are mutually exclusive. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) ("[A]llegations of malpractice or negligence will never state a claim under the Eighth Amendment."). While neither count is made against Dr. Dyess, it is legally impermissible to pursue both claims against a defendant. The point is that the shotgun nature of the pleading makes the entire pleading an ambiguity as to Dr. Dyess.

To be clear, "[t]o state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Gordon v. Lee*, 2018 WL 736262, at *2 (S.D. Miss. Feb. 6, 2018). "So a plaintiff pursuing a civil-rights claim under § 1983 must 'prove that a state actor infringed on his constitutional rights.'" *Id.* This Amended Complaint does not do that as to Dr. Dyess.

---

reasonable measures to abate it.'" *Id.* "To act 'deliberately means to act *intentionally*; that is, knowingly and voluntarily and not because of mistake or accident." *Andino v. Woodall*, 2016 WL 3907052, at *3 (S.D. Miss. July 14, 2016) (emphasis added; internal quotation marks omitted). "Deliberate indifference cannot be inferred from negligent, or even grossly negligent, acts or omissions of a defendant; mere negligence, neglect, unsuccessful medical treatment or even medical malpractice do not give rise to a § 1983 cause of action." *Id.* "Neither an incorrect diagnosis nor the failure to alleviate a significant risk that an official should have perceived but did not will be sufficient to establish deliberate indifference." *Id. See also Estelle v. Gamble,* 429 U.S. 97, 105 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) ("[A]llegations of malpractice or negligence will never state a claim under the Eighth Amendment.").

1.  <u>There is no allegation that Dr. Dyess was a state actor.</u>

The Amended Complaint does not plead any facts plausibly asserting that Dr. Dyess, "an employee of CMMC and/or Wexford," *see* Ex. A, Amended Complaint at ¶ 41, *engaged in state action* when he interpreted the mammograms taken at CMMC. The Amended Complaint nowhere pleads that Dr. Dyess was a state actor. *Cf. Gordon*, 2018 WL 736262 at *3. Therefore, the Amended Complaint fails to state a viable section 1983 claim against Dr. Dyess. *Guillory v. Day*, 687 Fed. App'x 359 (5th Cir. 2017).

2.  <u>There is no allegation that Dr. Dyess violated a federal right.</u>

In addition, the Amended Complaint fails to allege "acts or omissions [by Dr. Dyess that are] sufficiently harmful to evidence deliberate indifference to [Ms. Balfour's] serious medical needs." *Davidson v. Texas Dep't of Crim. Just., Institutional Div.*, 91 Fed. App'x 963, 964 (5th Cir. 2004) ("Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain. To prevail on such a claim, a plaintiff 'must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" (citations omitted)). For these reasons, the § 1983 claims are not viable (and not even stated) as to Dr. Dyess.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PUNITIVE DAMAGES CAUSES OF ACTION ARE NOT ASSERTED AS TO DR. DYESS

There are two additional impermissibly pleaded shotgun claims, infliction of emotional distress and punitive damages. The Amended Complaint fails to identify a specific act of wrongdoing by Dr. Dyess or tie any conduct by Dr. Dyess to either of these alleged causes of action. Further, the Amended Complaint fails to plead any facts that would support a finding that Dr. Dyess's actions were malicious, intentional, willful, wanton, grossly careless, indifferent or

reckless.  Accordingly, there are no sufficient facts which state an infliction of emotional distress or punitive damages claim that is "plausible on its face."

The Amended Complaint attempts to assert an intentional infliction of emotional distress claim against "the defendants" by the shotgun pleading:

> The acts of each of the defendants set forth above were outrageous and performed willfully, wantonly, and with complete and reckless disregard of Plaintiff's rights, and those acts further shock the conscience of the community and caused Plaintiff to suffer severe mental anguish and emotional distress.

Ex. A, Amended Complaint at ¶ 166.[6]  These allegations are "[t]hreadbare recitals of the elements of [infliction of emotional distress] causes of action, supported by mere conclusory statements … [that] do not suffice." *Stringer*, 2022 WL 20755373 at *4.  The Amended Complaint fails to "plead any activity by [Dr. Dyess] that went 'beyond the bounds of decency' or was 'utterly intolerable in a civilized community.'"  *Id.* at *5.  The Amended Complaint does not even "allege facts that would allow a finding that [Dr. Dyess's] actions toward [Ms. Balfour] were 'malicious, intentional, willful, wanton, grossly careless, indifferent or reckless.'"  *Id.*  Therefore, the "allegations [do] not survive [Dr. Dyess's] challenge on the merits under Rule 12(b)(6)."  *Id.*  *See also Parks v. City of Oxford, Miss.*, 2013 WL 123719, at *3 (N.D. Miss. Jan. 9, 2013) (dismissing emotional distress claims "for failing to comply with the requirements of *Iqbal/Twombly*" because complaint "simply recited the elements necessary to prove a claim of this nature without informing the Defendants of the conduct … relied on in making those allegations.").

As to the punitive damages claim, it fails with the underlying claims.  *Tanks v. Lockheed-Martin Corp.*, 2006 WL 8454860, at *1 (S.D. Miss. Nov. 21, 2006) ("[T]he punitive damages

---

[6]    "To prevail on a claim for intentional infliction of emotional distress, [the plaintiff] must demonstrate that the 'conduct complained of evoke[s] outrage or revulsion.'" *Stringer*, 2022 WL 20755373 at *5.  "The conduct must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.*

9

claim fails because all the underlying claims are due to be dismissed.").  Moreover, there are no facts which state a punitive damages claim that is "plausible on its face."  *Tanner*, 2015 WL 6133207 at *2 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Section 11-1-65 of the Mississippi Code reads:

> Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

Miss. Code Ann. § 11-1-65(1)(a).  The Amended Complaint alleges "[t]he acts of each of the defendants … were … performed willfully, wantonly, and with complete and reckless disregard of Plaintiff's rights," *see* Ex. A, Amended Complaint at ¶ 166, but "there are no facts to support such a bare legal conclusion."  *Kirby v. Shelter Ins. Co.*, 2020 WL 886945, at *5 (S.D. Miss. Feb. 24, 2020).  This pleading is "insufficient."  *Id.*  No specific acts or omissions alleged against Dr. Dyess rise to the level of gross negligence, and the Amended Complaint does not even allege that Dr. Dyess was grossly negligent.  *Cf.* Amended Complaint at ¶¶ 108, 113 (alleging "gross negligence" against Dr. Perry and Dr. Ahmed).  Therefore, the punitive damages claim against Dr. Dyess should be dismissed.  *Kirby*, 2020 WL 886945 at *5.  *See also Jackson v. T-Mobile, Inc.*, 2024 WL 4907938, at *3 (S.D. Miss. May 20, 2024) ("Punitive damages are only to be assessed in 'extreme cases.'  As 'there is no allegation of willful intentional conduct' in this case, [the] Motion to Dismiss the claim of punitive damages is hereby granted." (citations omitted)).

## LEGAL STANDARD

"To survive [a] Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) for 'failure to state a claim upon which relief can be granted,' [the] Complaint 'must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Tanner v. Pfizer, Inc.*, 2015 WL 6133207, at *2 (S.D. Miss. Oct. 19, 2015) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 667 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A plaintiff must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Atwood v. Lyons*, 2015 WL 5785689, at *2 (S.D. Miss. Mar. 31, 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). *See also Iqbal,* 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). "The alleged facts must 'raise a right to relief above the speculative level.'" *Id.* "In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id. See also Dowdy & Dowdy P'ship v. Arbitron Inc.*, 2010 WL 3942755, at *4 (S.D. Miss. Oct. 6, 2010) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]— that the pleader is entitled to relief.").

## CONCLUSION

No legal count names Dr. Dyess, and even though a medical malpractice count is asserted, it does not include Dr. Dyess. As to the core count of deliberate indifference under 1983, the Amended Complaint alleges that Dr. Dyess recommended annual and then bi-annual mammograms to ensure "stability of the[] probably benign" findings of Ms. Balfour's prior mammograms. *See* Ex. A, Amended Complaint at ¶¶ 44, 51. The mammograms recommended by Dr. Dyess were delayed, *but the Amended Complaint does not allege that the delay was caused by Dr. Dyess*. *See id.* at ¶¶ 42, 43, 49 (alleging that delays were caused by Defendants Wexford and Centurion). Notably, when the mammograms were ultimately performed, it was Dr. Dyess who

"given the increase in number of calcifications," recommended "a stereotactic biopsy to exclude malignancy" which showed the "invasive mammary carcinoma" in Ms. Balfour's right breast. *Id.* at ¶¶ 52-53. These allegations fail to state a plausible claim of deliberate indifference against Dr. Dyess. *See Estelle*, 429 U.S. at 107 ("[T]he question whether … additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment … [which] does not represent cruel and unusual punishment."); *Hawkins v. Perry*, 2016 WL 4544529, at *4 (S.D. Miss. Aug. 31, 2016) ("A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."); *Haynes v. Bradley*, 2019 WL 4580516, at *2 (S.D. Miss. Aug. 7, 2019), *report and recommendation adopted*, 2019 WL 4580487 (S.D. Miss. Sept. 20, 2019) ("Mere disagreement with one's medical treatment is insufficient to show deliberate indifference, as are claims based on unsuccessful medical treatment, negligence, or medical malpractice.").

In sum, there is no claim alleged against Dr. Dyess, much less one that is "plausible on its face," and, thus, the Amended Complaint against him should be dismissed.

*WHEREFORE, PREMISES CONSIDERED*, Dr. Dyess respectfully prays that, after hearing all the things and matters set forth herein, the Court will grant his Motion to Dismiss.

THIS the 15th day of July, 2025.

Respectfully submitted,

*/s/ C. Maison Heidelberg*
C. MAISON HEIDELBERG, MB #9559

OF COUNSEL:

HEIDELBERG PATTERSON WELCH WRIGHT
368 Highland Colony Parkway
Ridgeland, MS  39157
601-790-1584 (direct)
mheidelberg@hpwlawgroup.com

## CERTIFICATE OF SERVICE

I, C. Maison Heidelberg, attorney for Dr. Dyess, do hereby certify that I have this day served a true and correct copy of the above and foregoing document via the court's electronic filing system on all counsel of record.

THIS, the 15th day of July, 2025.

*/s/ C. Maison Heidelberg*
C. MAISON HEIDELBERG