## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**SUSIE ANNIE BALFOUR A/K/A**                                                                **PLAINTIFF**
**SUSAN ANN BALFOUR**

VS.                                                           **CAUSE NO. 3:24-cv-00093-KHJ-MTP**

**JACKSON HMA, LLC D/B/A MERIT
HEALTH CENTRAL, VITALCORE
HEALTH STRATEGIES, LLC, WEXFORD
HEALTH SOURCES, INC.; CENTURION OF
MISSISSIPPI, LLC. GLORIA MANGUM
PERRY, M.D., MOHMED EL ZEIN AHMED, M.D.,
JOSEPH ARTHUR OLIVER, M.D., ERIC
LANE RUSHING, M.D., DEREK SCOTT
DYESS, M.D., YVONNE BARTON, KATRICE
FUNCHESS, LINDA NOLAN, IRISH HARRIS,
JOHN DOES 1-10 (OWNERS OPERATORS),
JOHN DOES 11-50 (NURSES), JOHN DOES 51-100
(DIRECT CARE WORKERS), JOHN DOES 101-110
(PHYSICIANS), JOHN DOES 111-125 (OTHER
INDIVIDUALS AND/OR OTHER ENTITIES
CAUSING OR CONTRIBUTING TO CAUSING
INJURIES)**                                                                  **DEFENDANTS**

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANT JOSEPH ARTHUR OLIVER, M.D.'S
## MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Joseph Arthur Oliver, M.D. ("Dr. Oliver") respectfully submits this Memorandum of Law in support of his Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff's Amended Complaint fails to state any plausible claim for relief against Dr. Oliver individually under 42 U.S.C. §1983, any federal constitutional theory, including the Eighth Amendment, or state law.

## I. INTRODUCTION

Despite being named in the caption and factual background of Plaintiff's Amended Complaint, Plaintiff fails to assert any specific cause of action against Dr. Oliver under §1983. Nor does she assert any count or claim that alleges negligence or medical malpractice against him individually. The factual allegations related to Dr. Oliver are insufficient to state a claim upon which relief can be granted under any federal constitutional theory or Mississippi law.[1]

For these reasons, all claims against Dr. Oliver should be dismissed under Rule 12(c).

## II. LEGAL STANDARD

A motion for judgment on the pleadings under Rule 12(c) is evaluated under the same standard as a Rule 12(b)(6) motion to dismiss. *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010) ("'[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.'") (quoting *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). To survive such a motion, a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As the U.S. Supreme Court explained in *Iqbal*, the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (Internal quotation marks and citations omitted).

---

[1] Dr. Oliver acknowledges Rule 12(c)'s timeliness requirement. *See H.M. v. County*, 2024 WL 3682790, at *1 (S.D. Miss. July 19, 2024) ("A party may move for judgment on the pleadings '[a]fter the pleadings are closed – but early enough not to delay trial.'") (quoting Fed. R. Civ. P. 12(c)). In this case, Dr. Oliver's Rule 12(c) motion to dismiss is timely filed. Although the Complaint was filed on February 14, 2024, the case has been stayed since October 25, 2024 [Dkt. #114], pending a ruling on certain Defendants' Motion for Summary Judgment which asserted various immunity defenses. The stay was only recently lifted, and an amended scheduling order was entered on June 5, 2025 [Dkt. #153] which sets the trial date for a two-week term beginning June 15, 2026. This motion will not delay that trial.

2

Here, even accepting Plaintiff's allegations as true, the Amended Complaint fails to plead any specific conduct by Dr. Oliver that would give rise to a plausible claim for relief under either federal or state law.

### III. ARGUMENT

**A. Plaintiff Fails to Assert Any Specific or Plausible Claim Against Dr. Oliver, as Confirmed by a Review of the Amended Complaint's Individual Counts.**

As set forth below, the Amended Complaint does not assert any count against Dr. Oliver personally and contains no individualized allegations that would support a plausible claim under §1983, federal constitutional law, or Mississippi state law.

To state a claim under § 1983, a plaintiff must show that each defendant, through their own individual actions, acted under color of state law and deprived the plaintiff of a constitutional right. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Accordingly, the complaint must articulate how each individual personally violated the Constitution.

This Court has routinely dismissed claims based on collective or "shotgun" pleading that fails to tie specific facts to individual defendants. In *Carson v. County of Warren*, *MS*, 2023 WL 9120471, at *3 (S.D. Miss. June 23, 2023), the Court dismissed most of the plaintiff's claims because they relied on group allegations against "Defendants" without explaining what each individual did to violate the law. ("[A]llegations based on a theory of collective responsibility cannot withstand a motion [for judgment on the pleadings]") (internal quotation marks and citation omitted). Similarly, in *Patterson v. Mississippi Department of Mental Health*, 2023 WL 4242755, at *7 (N.D. Miss. June 28, 2023), the Court dismissed a complaint in which each count incorporated all preceding allegations without specifying which factual allegations applied to each

3

defendant. The Court described this as "quintessential shotgun" pleading that cannot survive a Rule 12(c) motion. ("This lack of factual support is fatal to her claims, which require sufficient factual allegations to raise her right to relief above a speculative level."). *Id.*

Plaintiff employs the same improper technique here. Dr. Oliver is referenced in the caption and in the background facts, but not in any individual count other than to list him along with other defendants in the three counts based on vicarious liability. *See* [Dkt. #45] ¶¶ 75, 86, and 97. The Amended Complaint does not allege that Dr. Oliver engaged in any conduct that would rise to a constitutional violation. Instead, it uses boilerplate language to lump him in with other defendants. This kind of collective pleading is exactly what federal courts in this State have rejected. Nor does Plaintiff assert any facts that would support an individual claim against Dr. Oliver under state law.

Plaintiff alleges that Dr. Oliver interpreted mammograms in 2018 and 2019, but she never connects that conduct to any constitutional violation. The §1983 counts are based on policy and institutional failures – not on Dr. Oliver's actions. As in *Carson*, that method of pleading fails to meet the plausibility standard under *Iqbal* and *Twombly* and does not "fairly engage" Dr. Oliver's individual conduct. *See Carson*, 2023 WL 9120471, at *3 (citing *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995)). Indeed, Plaintiff's own *Schultea* Reply confirms that her Eighth Amendment claims rest entirely on the alleged inaction of Mississippi Department of Corrections ("MDOC") administrative staff who were responsible for scheduling and care coordination – not on any act or omission by Dr. Oliver. [Dkt. #150 at pp. 5-20]. That Reply – like the Amended Complaint – contains no factual allegations linking Dr. Oliver to a failure to follow up on abnormal findings, but instead repeatedly alleges that the MDOC staff failed to schedule follow-up mammograms <u>after</u> recommendations made by the radiologists:

4

- "Each abnormal result contained clear and specific instructions for short-term follow-up. Each time, those recommendations were ignored." [Dkt. #150 at 2].

- "Defendant Nolan also had a duty to schedule any and all future additional mammograms and/or diagnostic testing . . . including, but not limited to, the recommendations of the radiologists . . . ." [Dkt. #150 at 5].

- "Defendant Nolan had a duty to schedule mammograms . . . in accordance with the recommendations of the radiologists . . . ." [Dkt. #150 at 6].

- "Defendant Nolan had actual knowledge of these reports and their recommendations . . . ." [Dkt. #150 at 8].

- "Defendant Barton also had a duty to schedule any and all future additional mammograms . . . which was recommended by . . . the radiologists conducting and/or interpreting the results of her mammograms." [Dkt. #150 at 9].

- "Defendant Barton had actual knowledge of these reports and recommendations . . . ." [Dkt. #150 at 11].

- "Defendant Funchess also had a duty to schedule any and all future additional mammograms and/or diagnostic testing . . . including, but not limited to, the recommendations of the radiologists conducting and/or interpreting the results of her mammograms." [Dkt. #150 at 12].

- "Defendant Harris also had a duty to investigate and ensure that any and all future mammograms and/or diagnostic testing . . . including, but not limited to, the recommendations of the radiologists conducting and/or interpreting the results of her mammograms, was timely scheduled and provided to Ms. Balfour." [Dkt. #150 at 15].

- "Defendants Nolan, Barton, and Funchess . . . failed to take any steps to ensure compliance with those recommendations." [Dkt. #150 at 19-20].

- "Here, . . . each Defendant was subjectively aware of a substantial risk to [Plaintiff's] health, as demonstrated by . . . clear radiological recommendations . . . ." [Dkt. #150 at 21].

The Fifth Circuit has made clear that deliberate indifference under the Eighth Amendment requires that <u>each</u> defendant be subjectively aware of a substantial risk of serious harm and consciously disregard it. *See Luna v. Davis*, 59 F.4th 713, 715 (5th Cir. 2023) ("An official acts with deliberate indifference when she knows of and disregards an excessive risk to inmate health or safety; she must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and draw the inference.") (Internal quotation marks and citations omitted). Plaintiff alleges no such facts here as to Dr. Oliver. The Amended Complaint does not show that Dr. Oliver made any decisions, denied any care, or played any role in the alleged deprivation of rights. As in *Carson*, Plaintiff's failure to articulate what Dr. Oliver personally did – or failed to do – precludes any plausible claim.

Moreover, even if Plaintiff's claims against Dr. Oliver are characterized as negligence or medical malpractice claims, Plaintiff does not allege the essential elements of either cause of action. To state a medical malpractice claim, a plaintiff must allege: (1) the existence of a duty to meet a specific standard of care; (2) a breach of that duty; and (3) a resulting injury proximately caused by the breach. *See Cottage Grove Nursing Home, L.P. v. Bowen*, 320 So. 3d 1222, 1223-24 (Miss. 2021). Plaintiff does not allege facts to support any of these elements. And if the Court were to construe the Amended Complaint as asserting a claim for ordinary negligence, it would still fail under *Twombly*, 550 U.S. at 555, because the Amended Complaint includes no allegations of duty, breach, causation, or damages tied to Dr. Oliver.

The only factual reference to Dr. Oliver in the Amended Complaint is that he interpreted mammograms in 2018 and 2019. That bare assertion, without more, does not support any viable tort claim. Mississippi courts have repeatedly rejected "shotgun" pleadings that fail to connect specific facts to specific defendants. *See Patterson*, 2023 WL 4242755, at *7 (dismissing tort claims relying on conclusory group pleading).

Plaintiff's pleading deficiency under both §1983 and state law is illustrated by the content of the individual counts:

• Count I – Violation of the Eighth Amendment and §1983 (Dr. Perry): This count is directed solely at Dr. Perry and does not include Dr. Oliver. No claim is asserted against him in this count.

• Count II – Violation of the Eighth Amendment and §1983 – Policies and Procedures (Wexford): This count is directed at Wexford based on its institutional policies and practices. Dr. Oliver is not named, and no facts are alleged to support a claim against him.

• Count III – Respondeat Superior – Violation of the Eighth Amendment and §1983 (Wexford): Plaintiff alleges that Wexford is vicariously liable for its agents and employees, including Dr. Oliver. However, Plaintiff does not allege any specific act or omission by Dr. Oliver that violated a clearly established right. As noted in Section B *infra*, generalized agency allegations do not state a claim against Dr. Oliver personally. Moreover, this Court has previously observed in this case that "vicarious liability is inapplicable to . . . [Section] 1983 suits [and Balfour] . . . must plead that each Government-official defendant, through [their] own individual actions, has violated the Constitution." *Balfour v. Jackson HMA, LLC*, 2025 WL 777724, at *4 (S.D. Miss. March 11, 2025) (citing *Iqbal*, 556 U.S. at 676).

- Count IV – Violation of the Eighth Amendment and §1983 – Policies and Procedures (Centurion): This count challenges Centurion's systemic policies. Dr. Oliver is not alleged to have participated in policymaking or administrative decisions and is not named in this count.

- Count V – Respondeat Superior – Violation of the Eighth Amendment and §1983 (Centurion): Again, Plaintiff includes Dr. Oliver in a group list of medical personnel. However, the Amended Complaint fails to identify any act by Dr. Oliver that would rise to deliberate indifference or a constitutional violation. These allegations are impermissibly conclusory. Also, as noted in Section B *infra*, generalized agency allegations do not state a claim against Dr. Oliver personally. Moreover, this Court has previously observed in this case that "vicarious liability is inapplicable to . . . [Section] 1983 suits [and Balfour] . . . must plead that each Government-official defendant, through [their] own individual actions, has violated the Constitution." *Balfour*, 2025 WL 777724, at *4.

- Count VI – Violation of the Eighth Amendment and §1983 (VitalCore Policies): Like Counts II and IV, this policy-based claim is not directed at Dr. Oliver and contains no factual allegations tying him to any constitutional deprivation.

- Count VII – Respondeat Superior – Violation of the Eighth Amendment and §1983 (VitalCore): Plaintiff names Dr. Oliver among others under a broad respondeat superior theory. As previously noted, such group allegations do not meet federal pleading standards where no specific wrongful conduct is identified. Moreover, this Court has previously observed in this case that "vicarious liability is inapplicable to . . . [Section] 1983 suits [and Balfour] . . . must plead that each Government-official defendant, through [their] own individual actions, has violated the Constitution." *Balfour*, 2025 WL 777724, at *4.

● Count VIII – Violation of the Eighth Amendment and §1983 (Dr. Ahmed): This count is brought solely against Dr. Ahmed. Dr. Oliver is not named and no §1983 claim is asserted against him here.

● Count IX and X – Medical Malpractice (Dr. Perry and Dr. Ahmed): These malpractice claims are directed only at Drs. Perry and Ahmed. Dr. Oliver is not named and is not alleged to have breached any standard of care in these counts.

● Count XI and XII – Managerial Conduct (Wexford and Centurion): These claims are directed at the corporate defendants' management personnel. Dr. Oliver is not a managerial actor and is not named.

In conclusion, Plaintiff's Amended Complaint fails to assert a single count against Dr. Oliver individually. The limited references to him in the background section and group allegations do not meet the federal pleading standards. Because Plaintiff fails to tie any constitutional deprivation to Dr. Oliver's personal conduct, or to allege elements of a cause of action for negligence or medical malpractice and facts sufficient to support such allegations, the claims against him do not meet the federal pleading standard and should be dismissed under Rule 12(c).

**B.    Plaintiff's Vicarious Liability Allegations Do Not State a Claim Against Dr. Oliver Individually.**

Plaintiff's Amended Complaint includes respondeat superior allegations against Centurion, Wexford, and VitalCore for the conduct of various physicians, including Dr. Oliver. [Dkt. #45] ¶¶ 75, 86, 97 (Counts III, V and VII). However, none of those allegations substitute for a well-pleaded individual claim against Dr. Oliver himself. Courts consistently reject attempts to impose individual liability based solely on group or vicarious pleadings.

The U.S. Supreme Court and courts within this District have held that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has

violated the Constitution." *Iqbal*, 556 U.S. at 676. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. As in *Patterson*, 2023 WL 4242755, at *7, Plaintiff's Amended Complaint uses a shotgun pleading style that groups defendants together and fails to identify factual allegations specifically tied to Dr. Oliver's conduct. That is fatal under Rule 12(c).

Moreover, it is well settled that vicarious liability is not a viable theory under §1983. Courts – including this one – have repeatedly emphasized that §1983 does not permit liability based on an employment or supervisory relationship alone. A plaintiff must allege that the individual defendant personally participated in the constitutional violation or implemented a policy that caused harm. *See Balfour*, 2025 WL 777724, at *4 ("[V]icarious liability is inapplicable to . . . [Section] 1983 suits [and Balfour] . . . must plead that each Government-official defendant, through [their] own individual actions, has violated the Constitution."). Without such allegations, a §1983 claim cannot proceed. *Id.* Accordingly, any attempt to hold Dr. Oliver liable under a respondeat superior or agency theory without factual averments that allow a plausible inference that "(1) [Dr. Oliver] violated a statutory or constitutional right and (2) that right was clearly established at the time of the challenged conduct" fails as a matter of law. *Id.* at *3.

## IV. CONCLUSION

For the foregoing reasons, the claims against Dr. Oliver fail under Rule 12(c) because Plaintiff does not allege any individualized conduct linking Dr. Oliver to a constitutional or state-law violation. She fails to assert a plausible §1983 claim, fails to allege a viable medical malpractice or negligence claim, and does not assert any theory under which Dr. Oliver could be held individually liable.

Defendant Joseph Arthur Oliver, M.D., respectfully requests that the Court grant his Motion for Judgment on the Pleadings pursuant to Rule 12(c) and dismiss all claims against him. Although dismissal under Rule 12(c) is ordinarily without prejudice, dismissal **with prejudice** is warranted here because Plaintiff has already amended once and still fails to allege any individualized conduct by Dr. Oliver. Moreover, the Scheduling Order recently entered by this Court [Dkt. #153] does not allow further amendment of the pleadings.

Respectfully submitted this 15th day of July 2025.

**JOSEPH OLIVER, M.D.**, Defendant

By: WATKINS & EAGER PLLC, his attorneys

By: /s/ *Kathy K. Smith*

OF COUNSEL:

WATKINS & EAGER PLLC
Mildred M. Morris (MSB #3492)
Timothy L. Sensing (MSB #102575)
Kathy K. Smith (MSB #10350)
400 E. Capitol Street (39201)
Post Office Box 650
Jackson, Mississippi 39205-0650
(601) 965-1900
(601) 965-1901 (fax)

mmorris@watkinseager.com
tsensing@watkinseager.com
ksmith@watkinseager.com