UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHIRLEY BALFOUR, AS EXECUTRIX            PLAINTIFF
OF THE ESTATE OF SUSIE ANNIE
BALFOUR

V.                                       CIVIL ACTION NO. 3:24-CV-93-KHJ-MTP

JACKSON HMA, LLC, et al.                 DEFENDANTS

ORDER

The Court resolves five motions in this Order: Plaintiff's [200] Motion for Leave to File a Second Amended Complaint, Defendant Derek Scott Dyess, M.D.'s ("Dyess") [154] Motion to Dismiss, Defendant Joseph Arthur Oliver, M.D.'s ("Oliver") [156] Motion for Judgment on the Pleadings,[1] Dyess's [249] Motion for Summary Judgment, and Oliver's [252] Motion for Summary Judgment. For the reasons below, the Court grants in part and denies in part Plaintiff's [200] Motion. The Court then grants the [154] and [156] Motions.[2] As a result, the Court finds as moot the [249, 252] Motions.

---

[1] Defendant Jackson HMA, LLC d/b/a Merit Health Central ("Merit Health Central") joined Dyess's [154] Motion and Oliver's [156] Motion. *See* Joinder [158–159]. As discussed later in this Order, the Court dismisses the claims against Merit Health Central.

[2] "[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending." *Rountree v. Dyson*, 892 F.3d 681, 683–84 (5th Cir. 2018) (citation modified). Instead, courts should treat the pending motion as addressed to the amended pleading "[i]f some of the defects raised in the original motion remain in the new pleading." *Id.*

I.   Background

The procedural path of this case is lengthy and irregular. For that reason, the Court incorporates the background discussed in its [107] Order and focuses on the facts relevant to the [154, 156, and 200] Motions. *See* Order [107] at 1–4.

In short, this case concerns Susie Annie Balfour's ("Ms. Balfour") battle with breast cancer. Ms. Balfour was incarcerated with the Mississippi Department of Corrections for 33 years. Am. Compl. [45] ¶¶ 1, 23. Ms. Balfour claims her cancer resulted from "clean[ing] the prison with chemicals known to cause, or to contribute to causing, breast and other cancers without any protective equipment." *Id.* ¶ 23–24. She also claims that doctors, nurses, prison staff, and hospitals "disregarded her requests, misled her into believing that her mammograms were negative for cancer, and denied her additional diagnostic testing and/or treatment." *Id.* ¶ 25.

Ms. Balfour sued these doctors, nurses, prison staff, and hospitals in February 2024. Compl. [1]. She then amended her Complaint in May 2024. *See* [45]. The Court entered a case management order in July 2024. *See* Case Management Order [91]. Under the [91] Order, the deadline to amend pleadings was August 9, 2024. *Id.* at 3–4. The Court later suspended the [91] Order's deadlines pending the resolution of some motions for summary judgment. *See* Order [118].

In June 2025, the Court amended the scheduling order. *See* Amended Scheduling Order [153]. Notably, the [153] Order did not alter the Court's original August 2024 deadline to amend pleadings. *Id.* at 2 (not mentioning a new deadline

for pleading amendments but saying, "All other provisions and deadlines contained in the Case Management Order [91] . . . remain in place.").

A month later, Dyess and Oliver filed the [154, 156] Motions. *See* Dyess's Mot. to Dismiss [154]; Oliver's Mot. for J. on the Pleadings [156]. And their arguments are similar. First, they say that Balfour's [45] Amended Complaint fails to name Dyess or Oliver in any count. *See* Dyess's Mem. in Supp. [155] at 11–12; Oliver's Mem. in Supp. [157] at 3–9. Second, even if Balfour's [45] Amended Complaint alleges a cause of action against Dyess and Oliver implicitly, they argue her implicit claims fail as a matter of law. [155] at 12; [157] at 10.

Ms. Balfour died on August 1, 2025. *See* Suggestion of Death [171]. Two weeks later, the Court suspended the remaining case deadlines. *See* Order [179]. The Court explained that it would reset the deadlines if a motion to substitute a party was filed and granted under Federal Rule of Civil Procedure 25(a)(1). *Id.* In early November 2025, Shirley Balfour, as Executrix of the Estate of Susie Annie Balfour's, ("Balfour") filed her [187] Motion to Substitute Party. *See* Mot. to Substitute Party [187]. The Court granted the [187] Motion, and the case resumed. *See* Order [188].

Because Balfour never responded to the [154, 156] Motions, the Court ordered her to respond by December 4, 2025. *See* 11/20/2025 Text Only Order. Before responding, Balfour requested leave to amend her complaint a second time. Mot. for Leave to File Second Am. Compl. [200]; Proposed Second Am. Compl. [200-1]. Balfour's [200] Motion says Ms. Balfour's death "necessitates updating the

3

pleadings to reflect her death, substitute the proper party representatives, and assert the damages and claims that arise as a result of her death." [200] at 1–2. Amendment is necessary because all claims arising from a death must be brought in a single action under Mississippi law. *Id.* at 2. And wrongful-death claims do not accrue until the date of death. *Id.* Therefore, in Balfour's view, "there is no substantial reason to deny amendment." *Id.* at 3.

Defendants—not just Dyess and Oliver—disagree. Dyess's Resp. in Opp'n [218]; Oliver's Resp. in Opp'n [220]; Joinders in Document [222–228]. First, they argue that Balfour's [200-1] Proposed Second Amended Complaint includes time-barred medical malpractice and Section 1983 claims that were not alleged in her [45] Amended Complaint. *See* Dyess's Mem. in Supp. [219] at 21; Oliver's Mem. in Supp. [221] at 15–16. Second, the Defendants point out that the [200] Motion comes over a year after the August 2024 deadline in the Court's [91] Case Management Order. *See* [219] at 6; [221] at 1.

The Court now decides the [154, 156, and 200] Motions.

II.   Standard

    A.  Leave to Amend

Although Federal Rule of Civil Procedure 15(a) ordinarily governs the amendment of pleadings, it "does not apply if an amendment would require the modification of a previously entered scheduling order." *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013).

4

Instead, "Rule 16(b) governs the amendment of pleadings after a scheduling order's deadline to amend has expired." *Id.* For that reason, the moving party must show that the "deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (citation modified). Four factors are relevant in determining whether good cause exists under Rule 16(b)(4): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010).

"If a party shows good cause for missing the deadline, then the more liberal standard of Rule 15(a) will apply . . . ." *Filgueira*, 734 F.3d at 422. And under Rule 15(a) leave to amend should be freely given. *See Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2006). "A district court possesses broad discretion in its decision whether to permit amended complaints." *Crostley v. Lamar Cnty.*, 717 F.3d 410, 420 (5th Cir. 2013).

B. Motion for Judgment on the Pleadings[3]

A motion for judgment on the pleadings and a motion to dismiss are assessed under the same standard. *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). To survive, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citation modified). A claim is

---

[3] Dyess's [154] Motion invokes Rule 12(b)(6). [155] at 11. But Dyess moved to dismiss after filing his [64] Answer, so the Court construes the [154] Motion under Rule 12(c). *See, e.g., Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam).

5

plausible on its face when the facts alleged in the complaint allow "the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). And the Court must accept all factual allegations in the complaint as true, but it is not bound to accept legal conclusions, conclusory statements, or bare assertions without factual support. *Id.*

III. Analysis

    A. Balfour's [200] Motion for Leave to File a Second Amended Complaint

The Court grants in part and denies in part Balfour's [200] Motion. The Court permits Balfour to add wrongful death and survival designations to existing claims because those claims did not legally accrue until Ms. Balfour's death in August 2025. But the Court denies leave to assert new causes of action against Dyess and Oliver or to add language curing pleading deficiencies in existing claims because those amendments fail Rule 16(b)(4)'s good cause standard.

    1. Amendments Arising from Ms. Balfour's Death

Balfour seeks to amend her complaint to reflect Ms. Balfour's death and to pursue a wrongful death claim and survival damages. *See* [200-1] ¶¶ 196–204. These amendments satisfy Rule 16's good-cause requirement.

First, Balfour has an explanation for why she did not make these amendments before the deadline. Mississippi's "wrongful death statute creates a new and independent cause of action in favor of those named therein." *Est. of Jones v. Howell,* 687 So. 2d 1171, 1178 (Miss. 1996). And a wrongful death claim does not accrue until death occurs. *Saul ex rel. Heirs of Cook v. S. Cent. Reg'l Med.*

6

*Ctr., Inc.*, 25 So. 3d 1037, 1040 n.4 (Miss. 2010). Put differently, "there is no injury, and hence, no cause of action until a death occurs." *McMillan v. Puckett*, 678 So. 2d 652, 654 (Miss. 1996).

Ms. Balfour died nearly a year after the Court's amendment deadline. [91] at 3–4; [171]. Balfour could not have brought a wrongful-death claim before the amendment deadline because the statutory right to sue had not yet accrued. The same can be said for the survival damages amendments. *See e.g.*, [200-1] ¶ 63. *Michel v. Ford Motor Co.*, No. CV 18-4738, 2019 WL 718731, at *2 (E.D. La. Feb. 20, 2019) (finding good cause to allow plaintiff to add wrongful-death and survival damages after original plaintiff's death).

Second, the importance of the amendments justifies allowing them. Mississippi's wrongful-death statute mandates that "there shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned." Miss. Code Ann. § 11-7-13. The Mississippi Supreme Court has explained that this single-action requirement is substantive and requires consolidation of all claims and damages arising from a death into one proceeding. *TRK, LLC v. Myles*, 214 So. 3d 191, 195 (Miss. 2017). Upon death, the decedent's personal-injury claims and damages must be pursued through the statutory framework governing wrongful death and survival. *In re Est. of England*, 846 So. 2d 1060, 1068 (Miss. Ct. App. 2003). Without amendment, Balfour would be forced either to forgo wrongful-death and survival damages or to pursue them in a separate action arising from the same facts. Either result would undermine Mississippi's statutory scheme and frustrate

the legislature's intent that all claims flowing from a death be resolved in a single action.

Third, allowing these amendments will not prejudice defendants. These amendments do not introduce new factual allegations or materially new theories of liability. They reflect only the legal consequences of a supervening event—Ms. Balfour's death. Defendants have litigated this case since February 2024 based on the same underlying factual allegations, and discovery has proceeded with those facts in mind. Adding a wrongful-death claim and survival damages does not require defendants to reopen discovery or materially alter their litigation strategy.

Fourth, even if some prejudice could be identified, a continuance would cure it.

In sum, Balfour has established good cause under Rule 16 to amend the complaint to reflect Ms. Balfour's death and to seek a wrongful-death claim and survival damages. [200-1] ¶¶ 196–204. And under Rule 15(a) "leave to amend should be freely given." See *Hawthorne Land Co.*, 431 F.3d at 227.

2. Amendments Unrelated to Ms. Balfour's Death

The remaining proposed amendments stand on a different footing. In her [233] Reply, Balfour says she "is not attempting to introduce new medical-malpractice or [Section] 1983 theories, nor to expand the factual basis for those claims." [233] at 4–5. But Balfour does add new causes of action against Dyess and Oliver. *Compare* [200-1] ¶¶ 104–133 *with* [45] ¶¶ 95–114. These amendments do not satisfy Rule 16's good-cause requirement.

First, Balfour has not provided an adequate explanation for failing to seek these amendments before the amendment deadline. *Banks v. Spence*, 114 F.4th 369, 371 (5th Cir. 2024) (affirming a district court's denial of leave to amend where plaintiff did not explain the delay). Balfour amended once in May 2024, litigated for more than a year, and sought these changes only after dispositive motions highlighted pleading defects. Rule 16 does not permit a party to use a later case development to justify asserting new claims or adding allegations that could have been pleaded earlier with reasonable diligence. *Marable v. Dep't of Com.*, 857 F. App'x 836 (5th Cir. 2021) ("Good cause generally requires a demonstration that deadlines cannot reasonably be met despite the diligence of the party needing the extension.") (citation modified).

Second, the importance of the proposed amendments does not justify amendment. Unlike the wrongful-death amendments, which are necessary to comply with Mississippi's statutory framework, these amendments seek to add claims and allegations that Balfour chose not to assert earlier. The Fifth Circuit has repeatedly held that amendments are not "important" for purposes of Rule 16 when they merely reflect a change in litigation strategy or an attempt to salvage claims after dispositive motions have been filed. See *S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536–37 (5th Cir. 2003). Allowing such amendments would undermine the purpose of the scheduling order rather than serve a compelling substantive interest.

Third, permitting these amendments at this stage would prejudice defendants. Allowing Balfour to amend would require defendants to revisit issues they reasonably believed were resolved by the pleadings and the scheduling order. Rule 16 is designed to prevent precisely this type of moving target.

Fourth, the availability of a continuance does not cure the lack of good cause. While a continuance may mitigate prejudice, it cannot supply diligence where none exists. *See Cole v. Sandel Med. Indus., LLC*, 413 F. App'x 683, 689 (5th Cir. 2011) (finding no good cause existed when plaintiff's claims were based on the same facts in her original complaint and plaintiff could have asserted the claims earlier). Granting a continuance to accommodate amendments that should have been sought long ago would reward lack of diligence and erode the force of the Court's scheduling order.

Leave to amend is therefore denied as to the addition of new claims against Dyess and Oliver and as to the insertion of new allegations intended to cure pleading deficiencies that could have been addressed well before the amendment deadline.

> B. Dyess's [154] Motion to Dismiss & Oliver's [156] Motion for Judgment on the Pleadings

The Court grants the [154, 156] Motions for three reasons.

To begin, the Court considers these motions as directed to the operative pleading as modified by the Court's ruling on Balfour's [200] Motion. A defendant need not refile a Rule 12 motion simply because a plaintiff later seeks leave to

10

amend; the Court may consider the motion if the challenged defects remain in the operative pleading. *Rountree*, 892 F.3d at 683–84.

Balfour argues that she pled medical malpractice, Section 1983, and intentional infliction of emotional distress claims against Dyess and Oliver. But those claims are directed solely at other defendants. Balfour does not name Dyess nor Oliver in any count of the operative complaint.[4] Although the complaint contains factual allegations describing Dyess's and Oliver's involvement in Ms. Balfour's care, those allegations are not tied to any cause of action. [45] ¶¶ 41–57. The medical malpractice counts identify other physician defendants. *Id.* ¶¶ 105–114. The Section 1983 deliberate-indifference counts likewise name other defendants, but not Dyess or Oliver. *Id.* ¶¶ 59–104. And the infliction of emotional distress claim refers to "the defendants." *Id.* ¶¶ 165–166.

At best, Balfour's complaint is a shotgun pleading. *Jones v. Grapeland Indep. Sch. Dist.*, No. 24-40194, 2024 WL 4490604, at *1 n.1 (5th Cir. Oct. 15, 2024) (per curiam) ("A 'shotgun pleading' is a pleading with 'multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claims is brought against.'"). At worst, it fails to state claims for medical malpractice, constitutional violations under Section 1983, or infliction of emotional distress. *Peykoff v. Cawley*, No. 24-10186,

---

[4] In this Order, the Court grants Balfour leave to file a Second Amended Complaint as to the wrongful death and survival damages. *See* [200-1] ¶¶ 196–204. But the Court denies Balfour leave to amend the factual basis of her pleading or to add new causes of action. So the [200-1] Second Amended Complaint's allegations as to Dyess and Oliver should match those contained [45] Amended Complaint. For simplicity, the Court cites the [45] Amended Complaint in its analysis for the [154, 156] Motions.

11

2025 WL 1380070, at *2 (5th Cir. May 13, 2025) (per curiam) ("[D]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief."). Balfour does not allege that Dyess or Oliver were state actors. *See e.g., Gordon v. Lee*, No. 3:17-CV-84-DPJ-KFB, 2018 WL 736262, at *3 (S.D. Miss. Feb. 6, 2018).[5] She does not allege that Dyess or Oliver acted with deliberate indifference. *Welsh v. Cammack*, No. 23-10921, 2024 WL 3649583, at *4 (5th Cir. Aug. 5, 2024) (per curiam) ("[A]llegations of suboptimal medical care are not sufficient to establish deliberate indifference."). She does not allege that Dyess or Oliver breached a specific standard of care. *Est. of Sanders v. United States*, 736 F.3d 430, 436 (5th Cir. 2013).[6] And those omissions require dismissal.

More to the point, a complaint fails to state a claim against a defendant where no count of a complaint names that defendant or identifies a theory of liability as to that defendant. *See French v. Ocwen Loan Servicing, LLC*, No. 3:20-CV-356-KHJ-LGI, 2021 WL 6618850, at *3 (S.D. Miss. Feb. 4, 2021) (Johnson J.) (explaining that the Court cannot infer liability where "no count" references the defendant). The Court may not supply a cause of action that Balfour has not pleaded. *Magee v. Bank of New York Mellon Corp.*, No. 2:23-cv-64-KS-MTP, 2023 WL 4568780, at *3 (S.D. Miss. July 17, 2023) ("[A]t no point does the Complaint

---

[5] Balfour does allege that other defendants were state actors. *See* [45] ¶¶ 67, 78, 89. But the complaint does not contain similar allegations for Dyess and Oliver.

[6] Again, Balfour makes these allegations against other defendants. *See* [45] ¶¶ 108, 113, 125, 137, 149. But she does not do so for Dyess or Oliver.

directly accuse [defendant] of wrongdoing … [and] Plaintiff must provide Defendants with adequate notice of the claims against them.").

Balfour resists this conclusion. She points to the Supreme Court's explanation that the "[f]ederal pleading rules . . . do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam). But Balfour overstates *Johnson*. Failing to connect factual narratives to causes of action is more than an "imperfect statement of the legal theory supporting [her] claim." *Id.*

As the Fifth Circuit has explained, "nothing in *Johnson* purports to supersede the ordinary rules of case management prescribed by the Federal Rules of Civil Procedure." *Bye v. MGM Resorts Int'l, Inc.*, 49 F.4th 918, 926 (5th Cir. 2022). Balfour's [45] Amended Complaint does not name Dyess or Oliver in any count. Dyess and Oliver identified the absence of pleaded claims in their answers to the [1] Complaint and [45] Amended Complaint. Oliver's Ans. [46] at 11–18; Oliver's Ans. [51] at 12–26; Dyess's Ans. [54] at 7–13; Dyess Ans. [64] at 8–17. Yet Balfour did not correct her complaint to specify a cause of action against Dyess or Oliver.

Balfour has not alleged sufficient factual matter for "the [C]ourt to draw the reasonable inference that [Dyess or Oliver are] liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. So the Court grants the [154, 156] Motions.[7]

---

[7] A wrongful death action hinges on the underlying tort. *Thiroux ex rel. Cruz v. Austin ex rel. Arceneaux*, 749 So. 2d 1040, 1042 (Miss. 1999). Since Balfour fails to state an independent tort against Dyess or Oliver, this Order's partial grant of leave to amend does not affect Dyess or Oliver.

13

C. Merit Health Central

Merit Health Central joined Dyess's [154] Motion and Oliver's [156] Motion. *See* Joinder [159–160]. In doing so, Jackson HMA asks the Court to grant it the same relief as Dyess and Oliver since Balfour sues Jackson HMA on a theory of vicarious liability. [45] ¶¶ 151–162; [159] ¶¶ 3–5; [160] ¶¶ 3–5. Jackson HMA is correct. The disposition of Balfour's claims against Dyess and Oliver requires the disposition of any claims against Merit Health Central because they are based on Dyess and Oliver's alleged actions or omissions. So the Court dismisses Balfour's vicarious-liability claims against Merit Health Central with prejudice.

IV. Conclusion

For the reasons above, the Court GRANTS IN PART and DENIES IN PART Balfour's [200] Motion. The Court GRANTS Dyess's [154] Motion and Oliver's [156] Motion. The Court also finds as moot Dyess's [249] Motion and Oliver's [252] Motion. In doing so, the Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision. Balfour's claims against Dyess and Oliver and the related vicarious-liability claims against Merit Health Central are DISMISSED with prejudice.

The Court also finds that this action presents more than one claim for relief and involves multiple parties. The Court expressly determines that there is no just reason for delay in directing entry of final judgment as to all claims asserted against Dyess and Oliver. Pursuant to Federal Rule of Civil Procedure 54(b), the Court directs and ORDERS that a Final Judgment is entered as to the claims

against Dyess and Oliver and the related vicarious-liability claims against Merit Health Central.

Balfour shall file a Second Amended Complaint consistent with this Order within seven days of the entry of this Order. No other amendments are permitted absent further order of the Court.

SO ORDERED, this 5th day of February, 2026.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE